James HELMER as Administrator
of The Estate of Bruce
Helmer, Plaintiff,

v.

Daniel G. MIDDAUGH, Individually and in his official capacity as Sheriff of Oneida County, New York; M. Peter Paravati, Individually and as Under-sheriff of Oneida County; James Brown, Individually and as Chief of Civil Division of Oneida County Sheriff's Department; County of Oneida; Oneida County Sheriff's Department; Lynn Meus, Individually and in her official capacity; Mary Lou Berie, Individually and in her official capacity; and Lieutenant Joseph Lisi, Individually and in his official capacity, Defendants.

No. 5:99–CV–2226.

United States District Court,
N.D. New York.

March 11, 2002.

A.J. Bosman Moore, Rome, NY, for plaintiff.

Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY (Bartle J. Gorman, of counsel), for defendants Middaugh, Paravati and County of Oneida.

Del Buono & Diodati, New Hartford, NY (David R. Diodati, of counsel), for defendant Brown.

McLane, Smith & Lascurettes, L.L.P., Utica, NY (Steven A. Smith, of counsel), for defendants Meus and Berie.

Petrone & Petrone, P.C., Utica, NY (David A. Bagley, of counsel), for defendant Joseph Lisi.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. *INTRODUCTION*

On December 27, 1999, Bruce Helmer ("B.Helmer") commenced the instant action against defendants Daniel G. Middaugh, M. Peter Paravati, James Brown, County of Oneida, and Oneida County Sheriff's Department, pursuant to 42 U.S.C. § 1983, and asserting causes of action for deprivation of civil rights protected by the Fourth, Ninth, and Fourteenth Amendments to the U.S. Constitution and the N.Y. Constitution. Following the death of B. Helmer, plaintiff James Helmer ("J. Helmer" or "plaintiff") was substituted as the administrator of B. Helmer's estate. Plaintiff filed an amended complaint on May 31, 2001, which added as defendants Lynn Meus, Joseph Lisi ("Lt. Lisi"), and Mary Lou Berie.

Lt. Lisi now moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes, and moves for leave to file a second amended complaint. Oral argument was heard on November 9, 2001, in Utica, New York. Decision was reserved.

### II. *FACTS*

The facts relevant to the instant motion are set forth briefly below in the light most favorable to the nonmoving plaintiff.

Plaintiff is the administrator of the estate of his deceased brother, B. Helmer. Plaintiff's decedent was a sergeant with the Oneida County Sheriff's Department. On or about August 31, 1999, B. Helmer filed claims of race discrimination and retaliation against Oneida County and the Office of the Sheriff of Oneida County with the Equal Employment Opportunity Commission ("EEOC"), and received a right to sue letter. He was allegedly disabled from work as a result of this discrimination and retaliation. B. Helmer commenced the instant action on December 22, 1999. He died on January 29, 2000, and J. Helmer, the administrator of his estate, was substituted as plaintiff on July 24, 2000.

As noted above, Lt. Lisi was added as a defendant in plaintiff's first amended complaint. He is a lieutenant in the Sheriff's Department. He is not alleged to have been involved in the discrimination that gave rise to this litigation. His sole involvement is that he is alleged to have ordered and autopsy and photographs of B. Helmer's body, and to have published the autopsy photographs to others, in violation of B. Helmer's and the Helmer family's right to privacy

### III. *STANDARD OF REVIEW*

#### A. *Motion to Dismiss*

In deciding a Rule 12(b)(6) motion, a court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Kaluczky v. City of White Plains,* 57 F.3d 202, 206 (2d Cir.1995). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are

unsupported by factual averments will not be accepted as true. *See, e.g., Clapp v. Greene,* 743 F.Supp. 273, 276 (S.D.N.Y. 1990); *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988).[1]

## IV. *DISCUSSION*

Though it is readily apparent from a review of plaintiff's amended complaint and proposed Second Amended Complaint that plaintiff has, as a matter of law, failed to allege a sustainable cause of action against Lt. Lisi, because of the sensitive nature of plaintiff's allegations, it is necessary to write briefly to clarify the reasons why this is so. The fact that plaintiff's claims against Lt. Lisi must be dismissed is not intended to trivialize the seriousness of these allegations, nor is it intended to condone the sort of conduct alleged by plaintiff.

The amended complaint, as well as the proposed Second Amended Complaint, states that, "This action is for money damages to redress the deprivation by Defendants of rights secured to Plaintiff[2] by the Constitution and the laws of the United States and the State of New York." (Compl.¶ 1.) With regard to Lt. Lisi, the specific allegations are that he and others conspired to violate the privacy interests of B. Helmer and his family by directing an autopsy without the family's permission, and by obtaining photographs of the decedent's body and publishing them to others. (Am.Compl.¶¶ 24, 83–87.) Though Lt. Lisi has submitted materials from outside the pleadings to disprove these allegations, dismissal of the complaint against him is appropriate based upon the face of the amended complaint itself.

■ With regard to the claims of B. Helmer, Lt. Lisi must be dismissed. Even assuming all of the facts in the favor of the plaintiff, a dead man does not have any constitutional rights. *See Estate of Conner v. Ambrose,* 990 F.Supp. 606, 618 (N.D.Ind.1997) ("A person's civil rights may only be violated while that person is alive. After death, one is no longer a 'person' within our constitutional and statutory framework and has no rights of which he may be deprived."). As the allegations concerning Lt. Lisi are limited to conduct occurring after the death of B. Helmer, plaintiff's amended complaint does not allege a viable cause of action against him. In addition, because the proposed Second Amended Complaint alleges no additional facts to demonstrate Lt. Lisi's involvement prior to the death of B. Helmer, it does not cure this fatal defect as to Lt. Lisi. (*See* Proposed Sec.Am. Compl. ¶¶ 81–89.)

■ With regard to the apparent claims of Bruce Helmer's children against Lt. Lisi (for the autopsy and mishandling of his corpse), such claims must also be dismissed. There is no general right of "privacy" regarding an autopsy that is protected by the United States Constitution. While there are cases involving the com-

---

1. Because this motion will be decided on the pleadings, it will not be converted to a motion for summary judgment as requested in the alternative by defendant Lisi.

2. It appears that, by "Plaintiff," the complaint refers to James Helmer, the administrator of the estate of Bruce Helmer and the guardian ad litem of Bruce Helmer's teenage children. As such, he is apparently suing on behalf of *both* Bruce Helmer and his family. (*See* Am. Compl. ¶ 24 ("Following the death of Ser-

geant Bruce Helmer, the Defendants ... did conspire to deprive Sergeant Helmer and his family of their respective privacy interests by directing that an autopsy be done; by failing to seek permission of his family and surviving children before conducting said autopsy, by directing the taking, taking, and then developing photographs of Sergeant Helmer deceased, and publishing them to others.").) Accordingly, this opinion will address the prospective claims of each.

mon law right of "sepulcher," none of the rights so recognized are implicated on these facts. *See Mansaw v. Midwest Organ Bank,* No. 97-0271-CV-W-6, 1998 WL 386327 (W.D.Mo.1998) (noting that the "property interest" in a deceased body is the right to "possess the body for burial, the right to control the disposal of the body and a right to maintain a claim for disturbance of the body."). To the extent that the children would claim that their "property" was taken without due process, there was no taking of property. The Helmers were not deprived of their father's body, nor were they prevented from disposing of it as they saw fit, nor was it disturbed from its resting place. To the extent that the facts might possibly support a cause of action by the Helmers, it appears that it would be under state law— which provides tort remedies for negligently mishandling a corpse. *See Johnson v. State of New York,* 37 N.Y.2d 378, 382, 372 N.Y.S.2d 638, 334 N.E.2d 590 (1975). No such cause of action is pleaded in the amended complaint or in the proposed Second Amended Complaint. Accordingly, plaintiff's claims against Lt. Lisi on behalf of the family of B. Helmer must also be dismissed.

With regard to plaintiff's motion to amend the amended complaint, plaintiff does not, as he asserts, have the ability to amend as of right. *See* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1481 (suggesting that "the liberal amendment as of course policy of Rule 15(a) should not be extended [to apply when a complaint has been previously amended to add additional parties.] A rule permitting the revival of the right to amend might become a mechanism for abuse by encouraging plaintiff to add nominal parties to keep his right to amend alive and by providing a potential source of harassment."). As noted above, the allegations in his proposed Second Amended

Complaint have been considered to determine whether or not it is possible for him to allege a viable cause of action against Lt. Lisi. Because, as noted above, plaintiff can allege no constitutional claims against Lt. Lisi, his motion to amend the amended complaint is denied.

## V. CONCLUSION

Because the plaintiff, James Helmer, has failed to plead a viable cause of action against Lt. Lisi, and because a further amendment to cure the defects would be futile, it is hereby

ORDERED that

1. Defendant Lt. Joseph Lisi's motion to dismiss the amended complaint is GRANTED; and

2. Plaintiff's motion to amend the amended complaint is DENIED.

IT IS SO ORDERED.